IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD DEE YOUNG,

    Petitioner,                   No. CIV S-06-2873 WBS EFB P

    vs.

SCOTT KERNAN, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss this action on the grounds that the petition is second or successive and that it is untimely. *See* 28 U.S.C. § 2244(b)(3), (d)(4). As explained below, the petition is second or successive, and this court lacks jurisdiction to consider it. The court therefore declines to consider whether this action is untimely. Respondent's motion to dismiss must be granted.

Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton v. Stewart*, 549 U.S. 147, __, 127 S.Ct. 793, 796 (2007). A petition is second or successive if it makes "claims contesting the

same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147, ___, 127 S.Ct. 793, 796 (2007); *Slack v. McDaniel*, 529 U.S. 473, 485-486 (2000). The first amended petition in this action, filed March 20, 2007, challenges the April 1990 judgment of the Solano County Superior Court adjudicating petitioner guilty of murder, corporal injury to a spouse and false imprisonment by violence. Am. Pet, at 1. The court imposed a term of 32 years to life in prison. Am. Pet., at 2. In support of the motion, respondent submits documents[1] from a prior habeas action in this court, i.e., *Ronald Dee Young v. Theo White*, No. Civ. S-94-1235 DFL JFM. That action also challenged a 1990 conviction of murder, corporal injury to a spouse and false imprisonment by violence. Resp.'s Mot. to Dism., Ex. A, at 1. Petitioner asserted his counsel had been ineffective, the prosecutor had engaged in misconduct and the evidence was not sufficient to support the conviction. *Id*. On December 13, 1996, a magistrate judge of this court issued findings and recommendations considering the claims on the merits and recommending that the petition be denied. *Id*., at 3-11. On March 5, 1997, a district judge adopted the findings and recommendations in full and denied the petition on the merits. Resp.'s Mot. to Dism., Ex. B. Judgment was entered and the district judge declined to issue a certificate of appealability. Resp.'s Mot. to Dism, Ex. C.

In his opposition to respondent's motion, petitioner does not assert that he was not the petitioner in *Young v. White*, No. Civ. S-94-1235 DFL JFM. Neither does he assert that the current petition challenges a different judgment. Rather, he argues the merits of his claims. Thus, he essentially concedes that respondent is correct. His petition is, indeed, successive.

For the above reasons, the court finds that in each application petitioner challenges the judgment of conviction for which he currently is serving a sentence of imprisonment. Thus, the petition in this action is second or successive. Petitioner makes no showing that he has obtained

---

[1] A court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980).

an order from the appellate court authorizing this court to consider the March 20, 2007, first amended petition.  Consequently, this court lacks jurisdiction over the petition and respondent's motion to dismiss must be granted.

Accordingly, it is hereby RECOMMENDED that:

1. Respondents' December 31, 2007, motion to dismiss be granted; and

2. This action be dismissed on the ground that the petition is second or successive and petitioner has not demonstrated that the Ninth Circuit has granted him leave to file it in this court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 26, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3